UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBECA M. RIVERA,

                              Plaintiff,

          -against-

ALENNA MERRITT,

                              Defendant.

24-CV-7882 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who resides in Yonkers, New York, brings this action, *pro se*, invoking the

Court's federal question jurisdiction. She asserts claims against Alenna Merritt, the Executive

Director of Plaintiff's former employer, a Yonkers-based day care center, Queens Daughter Day

Care ("Queens Daughter"). By order dated October 21, 2024, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action concerns Plaintiff's employment at Queens Daughter and her eventual firing after her ten-day observation. Plaintiff brings this action against the Executive Director of Queens Daughter, Alenna Merritt. The following facts are drawn from the complaint.[1]

At some point before September 5, 2023, Merritt interviewed Plaintiff for a teacher's assistant position. Merritt "told me not to wear tight fitting clothing or legging to work because

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

her husband comes to the job." (ECF 1, at 10.) Plaintiff states that, at the time of the interview, she "felt uncomfortable and confused when she made the statement about her husband during our interview." (*Id.*) Also during the interview, Plaintiff informed Merritt that she wore "a knee brace [d]ue to my disability . . . [and] explain[ed] [that] . . . this would not prevent me from performing my job that I would be hired to do on the second floor of the building." (*Id.*) Plaintiff indicates that she "[n]ever at any moment . . . complain[ed] to Ms. Merritt that the stairs would affect my physical performance." (*Id.*) She also indicates that she "was never given a contract or employee protocols." (*Id.*)

On September 5, 2023, Plaintiff commenced her employment at Queens Daughter as a teacher's assistant. Within a week of her employment, the teacher of her class quit, and Plaintiff "was the only adult in the Pre-K room with 7-13 toddlers." (*Id.*) Plaintiff did not receive any "support from Ms. Merritt." (*Id.*) Plaintiff instead relied on her cellphone "to play nursey rhymes and other appropriate school based technology." (*Id.*) Plaintiff "was never on my phone for personal reasons." (*Id.*) On September 20, 2023, Plaintiff requested a meeting with Merritt, and Merritt informed Plaintiff that she had "expected more from [Plaintiff] and she thought [Plaintiff] would have done a better job." (*Id.* at 11.)  During this conversation, Merritt "bec[ame] very irate and her tone of voice was very aggressive." (*Id.*) Merritt then informed Plaintiff that she wanted to meet with Plaintiff on September 23, 2023, at "the end of my 10-day observation" when Merritt "planned on firing me." (*Id.*)

Plaintiff indicates that "after working for Mrs. Merritt I started to have panic attacks. I feel that she defamed my character." (*Id.*)

Plaintiff states that "[a]s a minority woman I wear a scarf on my head to protect my hair [and that] I would only wear the scarf on my head on my way to work." (*Id.*) Plaintiff also states

that she "never wore the scarf on my head throughout the day in the school building during business hours." (*Id.*)

Plaintiff does not state the relief she seeks.

## DISCUSSION

Plaintiff invokes this Court's federal question jurisdiction as a basis for the Court's exercising jurisdiction, but the complaint does not suggest that Plaintiff's claims against Merritt arise under federal law. Because Plaintiff mentions that (1) as a minority woman, she wears a head scarf, and that (2) she requires a knee brace, the Court construes the complaint as asserting claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, and New York State Human Rights Law ("HRL"). Should Plaintiff wish to pursue further any claims under any of these statutes, she must allege facts plausibly suggesting that the named defendants violated her statutory rights.

### A.    Antidiscrimination Statutes

#### 1.    Proper Defendants Under Title VII and ADA

Plaintiff brings this action against Alenna Merritt, the Executive Director of Queens Daughter. Under both Title VII and the ADA, claims may only be brought against an employer, not individuals. *See Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016) ("Under federal law the only proper defendant in a Title VII claim is the plaintiff's employer—no Title VII claim lies against the executives or other employees of the employer." (citing *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012)); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 450 (W.D.N.Y. 2006) ("It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA." (citing *Corr v. MTA Long Island Bus.*, 199 F.3d 1321 (2d Cir. 1999))). The Court therefore dismisses Plaintiff's Title VII and ADA claims against Merritt for failure to state a claim on which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff wishes to pursue claims under Title VII and/or the

ADA in an amended complaint, such claims must be brought against Queens Daughter.

### 2.    Title VII and the ADA

Plaintiff does not allege facts suggesting that she was subjected to adverse employment

actions that "give rise to a plausible inference of discrimination" or retaliation in violation of

Title VII and the ADA. *See Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023) (citation and

quotation marks omitted). Title VII prohibits an employer from discriminating against an

individual because of her race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a).

Under the ADA, an employer cannot "discriminat[e] against a 'qualified individual on the basis

of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New

York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled

within the meaning of the ADA if the person has "a physical or mental impairment that

substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

These antidiscrimination statutes prohibit an employer from mistreating an individual

because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir.

2007), or retaliating against an employee who has opposed any practice made unlawful by those

statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is

protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

work that occurs for a reason other than an employee's protected characteristic or opposition to

unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v.

City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d

246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, a plaintiff must plausibly

allege that (1) the employer took adverse employment action against her, and (2) her protected

characteristics were a motivating factor in the employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Moreover, to plead an ADA failure-to-accommodate claim, a plaintiff must allege that (1) she is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of her disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. *See McMillan v. City of N.Y.*, 711 F.3d 120, 125-26 (2d Cir. 2013).

Plaintiff does not allege sufficient facts to suggest that Defendants discriminated or retaliated against her based on a protected characteristic. For example, although Plaintiff mentions that she wore a head scarf because she is a minority woman, she states that she did not wear her scarf during school hours and thus this allegation does not support the inference that Queens Daughter discriminated against her because of her race. Put simply, because Plaintiff never wore a head scarf during school hours, she does not allege discriminatory actions related to her wearing the head scarf. Moreover, although Plaintiff indicates that she wore a knee brace and informed Merritt that she could not work on the second floor, these allegations do not suggest that Queens Daughter failed to provide Plaintiff with an accommodation required under the ADA or otherwise discriminated against her based on her disability. Accordingly, if Plaintiff wishes to pursue these claims, she may amend her complaint to state facts suggesting that Queens Daughter discriminated against her based on her race and/or disability.

### 3.    Section 1981

Section 1981 prohibits racial discrimination in all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of discrimination under

Section 1981, a plaintiff must allege facts suggesting that the defendant discriminated against the Plaintiff based on his race, and that the discrimination concerned one of Section 1981 enumerated activities, including employment. *Vill. of Freeport v. Barrella*, 814 F.3d 594, 604–05 (2d Cir. 2016) ("Although [Section 1981] never uses the word 'race,' the Supreme Court has construed it as forbidding 'racial' discrimination in public or private employment. The Court has further defined 'racial discrimination,' for purposes of § 1981, as including discrimination based on 'ancestry or ethnic characteristics.'" (citations and footnotes omitted)). In any Section 1981 claim, a plaintiff must allege that, but for race, "he would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Section 1981 provides for individual liability. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) ("In order to make out a claim for individual liability under § 1981, 'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action. . . . [P]ersonal liability under section 1981 must be predicated on the actor's personal involvement." (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d at 75 (alterations in original)).

The complaint does not include any facts suggesting that Plaintiff's race was a motivating factor in Queens Daughter's or Merritt's decision to fire Plaintiff. Should Plaintiff believe that her race was a motivating factor, she may include a Section 1981 claim brought against Queens Daughter and/or Merritt.

### 4.    New York State Human Rights Law

Individual defendants may be held liable under the New York State HRL. The State HRL provides for individual liability for "any person" who aids and abets an employer's discrimination. N.Y. H.R.L. § 296(6). Should Plaintiff wish to pursue claims against Merritt

under the State HRL, she must allege facts suggesting that Merritt participated in discriminatory conduct related to Plaintiff's employment.

## B.    Leave to File an Amended Complaint

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII, ADA, and/or Section 1981 claims, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.[2] Plaintiff also may state facts in support of a New York State HRL claim in addition to her federal claims.

---

[2] As a precondition to filing suit under the ADA and Title VII, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(e); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). A plaintiff may then file a federal complaint with a district court within 90 days of receiving a Notice of Right to Sue from the EEOC, if she is does not prevail during her EEOC proceedings. *See* 42 U.S.C. § 2000e-5(f)(1). These time limits are not jurisdictional and are subject to equitable tolling. *See Morgan*, 536 U.S. at 113 (citing *Zipes v. Trans. World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks, alteration, and citations omitted). To obtain the benefit of equitable tolling, a plaintiff must show (1) that she acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine. *Id.*

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## REFERRAL TO PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept

filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court dismisses Plaintiff's Title VII and ADA claims against Defendant Merritt. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff **60 days' leave to file an amended complaint** that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-7882 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 11, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes        ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                    Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State                    Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☐   national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

      _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your
> complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address            City                State            Zip Code

_____
Telephone Number              E-mail Address

_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007